William M. HOHMAN, and Julia Hohman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CA 82–0766.

United States District Court, District of Columbia.

March 31, 1982.

Jon T. Flask, Washington, D. C., for plaintiffs.

Edward J. Snyder, Francis G. Hertz, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

The plaintiffs, in this summary proceeding filed pursuant to the Internal Revenue Code of 1954 (Code), as amended, specifically 26 U.S.C. § 7429(b), seek to have the Court determine the reasonableness of a jeopardy assessment made pursuant to 26 U.S.C. § 6861. The Court has jurisdiction of the proceedings pursuant to 26 U.S.C. § 7429(b) and 28 U.S.C. § 1346(e).[1] The case is now before the Court on plaintiffs' motion for leave to take depositions within 30 days after commencement of the action. See Fed.R.Civ.P. 30(a). The Complaint was filed on March 17, 1982.[2]

---

1. The plaintiff William M. Hohman also filed a related action challenging a termination assessment made pursuant to 26 U.S.C. § 6851. *Hohman v. United States*, Civil No. 82–0767 (D.D.C.).

2. Fed.R.Civ.P. 30(a) provides that leave of the court must be obtained if a plaintiff seeks to take a deposition prior to the expiration of 30 days after service of the summons and complaint upon any defendant.

## I

Very briefly, the facts alleged in the complaint are as follows: On January 29, 1982, the District Director, Internal Revenue Service, Baltimore, Maryland, made a jeopardy assessment against the plaintiffs for allegedly unpaid taxes for the taxable year ending December 31, 1980 in the amount of $439,230 plus a penalty under 26 U.S.C. § 6653(b) in the amount of $219,863, together with accrued interest of $41,732.87. The District Director notified the plaintiffs of the assessment in a letter dated January 29, 1982.[3] Immediately after making the assessment, representatives of the defendant engaged in collection activities whereby various assets of the plaintiffs and business entities with which William Hohman was or is associated were seized.[4] Within 30 days of the making of the assessment, plaintiffs filed a timely Protest and Request for Administrative Review of Jeopardy Assessment.[5] *See* 26 U.S.C. § 7429(a)(2). As of the date of the complaint, no portion of the assessment had been abated.

A taxpayer who is the subject of a jeopardy assessment may file for administrative review of the assessment pursuant to 26 U.S.C. § 7429(a) and thereafter for judicial review of the assessment pursuant to 26 U.S.C. § 7429(b). In the latter event, the Court must determine within 20 days after the action is commenced, whether the *making* of the assessment is reasonable under the circumstances and whether the *amount* so assessed or demanded is appropriate under the circumstances. 26 U.S.C. § 7429(b)(2)(A) and (B). If the Court determines that the making of the assessment is unreasonable or that the amount assessed or demanded is inappropriate, the Court may order the Secretary to abate the assessment, redetermine, in whole or in part, the amount assessed or demanded, or take such other action as the Court finds appropriate. 26 U.S.C. § 7429(b)(3).

The Secretary has the burden of proof of demonstrating that the *making* of the assessment is reasonable and the taxpayer has the burden of proof on the question of the unreasonableness of the *amount* of the assessment. 26 U.S.C. § 7429(g).

The plaintiffs challenge both the reasonableness of the making of the assessment and the amount assessed.

The plaintiffs contend that they require discovery in order to prepare for the hearing which must be held within 20 days of the date of the summons and complaint.[6]

The Government opposes the motion to take depositions on two grounds. First, it argues that the proceedings are summary in nature, the Court is required to make a determination within 20 days, and the statute contains no provision for shortening the normal time for discovery. The Government asks the Court to infer that, in view of the above, discovery was not contemplated in these cases and is inconsistent with the statute. Second, the Government contends that there is a specific provision for the furnishing of certain information by the Internal Revenue Service under Section 7429(a)(1). At oral hearing, the Government also argued that the taxpayer has other remedies available including the right to petition the Tax Court of the United States. The Government also expressed concern over allowing discovery in a case in

---

**3.** Compl. Exhibit A. This letter was apparently forwarded to the plaintiffs pursuant to 26 U.S.C. § 7429(a)(1).

**4.** Compl. ¶ 7.

**5.** Compl. Exhibit B.

**6.** The Court, at the request of the taxpayer, may grant an extension of not more than 40 days for the hearing provided the taxpayer establishes reasonable grounds why such exten-sion should be granted. 26 U.S.C. § 7429(c). Pending the determination of the Court pursuant to 26 U.S.C. § 7429, there is a stay of the sale of seized property, with certain exceptions. 26 U.S.C. § 6863(c). The property may be sold if the taxpayer consents, the Secretary or his delegate determines that the expense of conservation and maintenance will greatly reduce the net proceeds, or the property is likely to perish. 26 U.S.C. §§ 6863(b)(3)(B) and 6336.

which a criminal investigation may be underway.[7]

## II

When Congress enacted Section 7429, it was well aware that taxpayers who were the subject of jeopardy assessments had other remedies. However, notwithstanding any other remedies available to the taxpayer, Congress recognized that "a taxpayer who [is] subjected to such an assessment [jeopardy] may suffer considerable hardship." H.R.Rep.No.94–658, 94th Cong., 2d Sess. 302, *reprinted in* 1976 U.S.Code Cong. & Ad.News, 2897, 3198. Congress noted that a General Accounting Office (GAO) draft report indicated that most jeopardy assessments or termination assessments were utilized against taxpayers engaged in "illegal activities" and that the GAO had "generally found that these types of assessments had not been misused." *Id.* Nevertheless, while recognizing that the jeopardy and termination procedures are "valuable tools for the collection of taxes", Congress concluded that "a taxpayer subjected to such procedures should have a timely right to obtain judicial review of the propriety of the use of these procedures in his case." *Id.*, H.R.Rep. 303, *reprinted in*, 1976 U.S. Code Cong. & Ad.News 3199.

Section 7429 clearly establishes a new remedy for the taxpayer and one that is exclusive of any other remedies provided under the Code. Moreover, the taxpayer has no obligation to demonstrate that he should be permitted to utilize Section 7429 rather than some other procedure provided in the Code. Once IRS makes the jeopardy assessment, the provisions of Section 7429 become available to the taxpayer who seeks to challenge the reasonableness of the making of the assessment or the reasonableness of the amount of the assessment. The plaintiffs are entitled to rely on Section 7429 exclusive of any other provision of the Code.

## III

The Government correctly argues that Section 7429 contemplates a summary procedure. Its purpose is to grant immediate relief in those cases where IRS may have overstepped the bounds of reasonableness. In making a determination under Section 7429, the Court is not determining the ultimate tax liability. *See id.*; H.R.Rep. 304, *reprinted in*, 1976 U.S.Code Cong. & Ad. News 3200; S.Rep.No.94–938, 94th Cong., 2d Sess. 365, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3794. But the procedure is not pro forma; it is designed to afford the taxpayer an opportunity to initiate a meaningful challenge to the assessment. This contemplates that the taxpayer will be fully informed of the underlying reasons for the *making* of the assessment; that is, why a jeopardy assessment instead of a regular assessment, and the reasonableness of the amount of the assessment. Once informed of the underlying reasons for the assessment, the taxpayer is entitled to present evidence at the Section 7429 hearing in an attempt to rebut the Government's allegations.

The taxpayer can be informed of the reasons for the assessment in one of two ways, either in the letter the Secretary is required to provide the taxpayer "[w]ithin 5 days after the day on which [the] assessment is made" or by way of discovery initiated by the taxpayer. While the proceedings are summary in nature, this Court finds no support for the argument that *no* discovery is to be allowed. Indeed, other Courts have recognized that discovery may be necessary in a given case. *See Sammarco v. United States*, 45 AFTR 2d 80–1079 (N.D.Ill.1979); *Lace v. United States*, 79–2 USTC ¶ 9692 (D.Vt.1979); *Fidelity Equipment Leasing Corp. v. United States*, 462 F.Supp. 845 (N.D.Ga.1978); *Bremson v. United States*, 459 F.Supp. 121 (W.D.Mo. 1978).

---

**7.** The Government did not specifically state that a criminal investigation is underway, but the Court notes that the agents did execute search warrants and that the taxpayers would like to depose an agent of the Federal Bureau of Investigation as well as a Special Agent of the Internal Revenue Service.

**[1]** This Court concludes that Section 7429 does not bar discovery and that a taxpayer who initiates a Section 7429 proceeding is entitled to *limited* discovery if he demonstrates that he requires discovery in order to participate meaningfully in the hearing on the reasonableness of the assessment. The fact that the proceedings are summary and a determination expedited requires the Court to exercise firm control over discovery and to allow only such discovery as may be necessary for the narrow question before the Court. The Court's initial supervision of discovery results from the need for the taxpayer to seek Court approval for discovery pursuant to Fed.R. Civ.P. 30(a). However, even in those cases where there has been an extension pursuant to 26 U.S.C. § 7429(c), which goes beyond 30 days of the filing of the summons and complaint, the Court must still exercise effective control over discovery, if and when the Government moves for a protective order.

Congress recognized when it enacted Section 7429 that quite often persons who are subjects of jeopardy or termination assessments are involved in alleged illegal activities and thus it can be inferred that Congress, while not foreclosing the opportunity for taxpayers to obtain discovery, did not contemplate wide reaching discovery which would go beyond the taxpayers' need to address the narrow issues raised in Section 7429 proceedings. In no event, is the taxpayer entitled for Section 7429 purposes to discovery of the Government's criminal investigation.

As the Court noted, the taxpayer is entitled to limited discovery so that he may meaningfully participate in the proceedings, but the extent of discovery, and indeed whether any discovery is necessary at all, must be determined based upon the facts of each case and depends upon whether the Secretary has furnished complete information in the letter provided to the taxpayer pursuant to 26 U.S.C. § 7429(a)(1). If that letter furnishes all the information the taxpayer requires in order to litigate the reasonableness of the assessment, then no discovery is required. Thus, it is the Secretary who ultimately determines the need for taxpayer discovery and the extent of such discovery.

Section 7429(a)(1) contemplates a letter which furnishes information as to the reasons for the making of a jeopardy assessment and which demonstrates the reasonableness of the amount of the assessment. For example, if IRS receives information that a taxpayer is about to remove his assets from the country, where possible, that information should be furnished in the letter to afford the taxpayer an opportunity to demonstrate that, while the information may suggest an attempt to secrete assets, the information is either not true or has been misinterpreted by IRS. The furnishing of such information would not prejudice IRS since, presumably, it will furnish that information within a few days of the filing of the summons and complaint in a Section 7429 proceeding in order to meet its burden of demonstrating that the making of the assessment was reasonable under the circumstances. In those rare cases where, for example, discovery would jeopardize an investigation or identify an informant, the submission at the hearing may be made *in camera*. Under these circumstances IRS would not include the information in its letter but should make its *in camera* submission once the Section 7429 action is filed, or at least no later than the taxpayer's initial request for discovery. However, *in camera* submissions should be the exception and not the rule. Where the Secretary does not furnish sufficient information for the taxpayer to prepare for the proceedings, then obviously the Court must give consideration to limited discovery.

The purpose of Section 7429 is to allow most questions on the reasonableness of the assessment to be disposed of at the administrative hearing without the necessity of a judicial proceeding or formal discovery, and it is for this reason that the Secretary is required to provide the taxpayer with information as to the grounds for the assessment within 5 days of the assessment. *See id.* S.Rep.No.74-938, 365–366, *reprinted in*, 1976 U.S.Code Cong. & Ad.News 3795. The

letter must set out factual information and must not be stated in mere conclusory language or the language of the statute.

While the Court recognizes the desire of the Government to limit discovery at this stage of the proceedings and to prevent the taxpayer from discovery of the Government's investigation, it notes that when a jeopardy assessment is made, it brings into play Section 7429 and the requirement that the Government, within 20 days of the filing of the Section 7429 proceeding, submit sufficient evidence to support its claim that the assessment is reasonable. Thus, the 5-day letter should set forth a brief factual statement of the evidence the Government seeks to present at the hearing. Section 7429(a)(1) refers to the furnishing of *information* not a mere statement of the Government's conclusions. The more complete the factual statement, the less likely there will be a need for discovery. Therefore, a full statement of the underlying facts which led to the determination of the Secretary that a jeopardy assessment was warranted would benefit the Government by limiting discovery or perhaps making it unnecessary altogether, would benefit the taxpayer since he would have a sufficient statement with which to address the issue, ɛnd would benefit the Court since it is likely that most proceedings could be disposed of following the administrative proceeding.

In sum, the Court holds that discovery may be permitted in Section 7429 cases but that any discovery is circumscribed by the narrow issue before the Court. The Secretary, in furnishing the 5-day letter, should set forth a sufficient statement of the facts upon which he relies on in supporting the need for a jeopardy assessment so as to allow the taxpayer to challenge those allegations in the administrative proceedings under Section 7429(a). In advising the taxpayer of the information upon which he relies, the Secretary should set forth the information he will rely upon at the hear-

ing. The question of discovery will be determined after consideration of the statement furnished in the 5-day letter and any other information furnished, formally or informally, to the taxpayer.

## IV

■ In viewing the 5-day letter in the instant case, the Court finds that the informational statement contained therein is woefully insufficient. The District Director merely states:

> I have found you to be designing quickly to place your assets beyond the reach of the Government by concealing them and/or transferring them to other persons or by dissipating them, thereby tending to prejudice or render ineffectual collection of income tax for the period ended December 31, 1980. Accordingly, based on information available at this time, I have approved assessment of tax and additional amounts determined to be due as reflected in the attached computations.

Clearly, the District Director has furnished no *information* which led him to reach the above conclusion and the Government has set forth no representation that additional information was formally furnished to the taxpayers.[8]

In view of the limited time remaining within which to complete these proceedings and make a determination, the Court concludes that the taxpayers are entitled to limited discovery. The Government has been requested to designate an agent who will be able to address the issue of the reasonableness of the assessment, in particular, the reasonableness of the making of the assessment. The Government has designated Agent Howard Bell for this purpose. With respect to the question of the reasonableness of the amount of the assessment, the burden is on the taxpayer to demonstrate that the amount is unreasonable, and the Court concludes that the Government, having been directed by the Court to furnish the taxpayer with all rele-

---

**8.** That the letter furnishes no information is demonstrated by the fact that the identical letter could be used in any case by merely chang- ing the names of the taxpayers, the taxable year and the amount of the assessment.

vant material seized from the taxpayers, need furnish no additional discovery on the reasonableness of the amount of the assessment. Copies of that information, in the form of microfilm of the seized records, must be furnished to the taxpayers, five rolls of microfilm were to be furnished to the taxpayers on or before March 30, 1982, and the remaining rolls to be furnished to the taxpayer on or before April 2, 1982. The Government also represented that it would furnish equipment so that taxpayers' counsel may view the film.

An appropriate Order has issued.