**Arloha M. PINTO, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant.**

Civ. A. No. 84–2249.

United States District Court,
D. Kansas.

Aug. 13, 1984.

On Motion for Reconsideration
Oct. 12, 1984.

Charles C. Shafer, Jr., Kansas City, Mo., for plaintiff.

Julie Robinson Trice, Asst. U.S. Atty., Dist. of Kansas, Kansas City, Kan., Ludwig H. Adams, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is a summary proceeding pursuant to 26 U.S.C. § 7429(b) to review jeopardy assessment procedures taken by the Internal Revenue Service (hereinafter IRS) against the plaintiff arising from alleged tax deficiencies for the years 1977 through 1979.

■ The statute provides an expedited procedure whereby a taxpayer may have a United States District Court determine the reasonableness of a jeopardy assessment and the reasonableness of the amount assessed. The procedure is summary, and final disposition on the merits may be made through other methods. In the case at bar, the taxpayer is challenging the alleged tax deficiencies in the United States Tax Court. The purpose of 26 U.S.C. § 7429(b) is to grant immediate relief in those cases where the IRS has overstepped the boundaries of reasonableness. *Hohman v. United States*, 535 F.Supp. 1218, 1220 (D.C.Cir. 1982).

■ Pursuant to 26 U.S.C. § 6861, the Secretary may make an assessment prior to judgment if he believes the assessment or collection of the deficiency will be jeopardized by delay in making the assessment. The Secretary is justified in making a jeopardy assessment if it appears a taxpayer is designing to quickly depart from the United States or to conceal himself, or to place his property beyond the reach of the government, or his financial solvency appears to be imperiled. See Joint Committee On Taxation, General Explanation of the Tax Reform Act of 1976, H.R. 10612, 94th Congress, 2nd Sess. 356, n. 1 (1976).

■ The burden of proof of establishing that the imposition of the jeopardy assessment under § 6861 is reasonable is upon the Secretary. 26 U.S.C. § 7429(g)(1). The burden as to the reasonableness of the amount assessed is upon the taxpayer. However, the Secretary is required to provide a written statement describing on what the determination of the amount was based. 26 U.S.C. § 7429(g)(2).

"It is clear from the legislative history of the Act that the District Court is to make a *de novo* determination in considering the reasonableness of the assessment and the appropriateness of the amount assessed. See *Loretto v. United States* (E.D.Pa.1977) 440 F.Supp. 1168 at p. 1171. What is reasonable under the circumstances means 'something more than "not arbitrary or capricious," and something less than "supported by substantial evidence." ' *Ibid.* at p. 1172." *Davis v. United States*, 511 F.Supp. 193, 197 (D.Kan.1981).

Plaintiff filed this action, and this court promptly held a hearing on August 6, 1984. The court is now prepared to rule.

This case stems from the filing by the IRS of proposed additional federal income tax liabilities and fraud penalties for the years 1977, 1978 and 1979 by statutory notices issued in 1981 against the taxpayer. The taxpayer petitioned the Tax Court as a result of the statutory notices, and the cases (Docket Nos. 13061–81 and 1489–82) are presently pending in the tax court. The total assessment claimed by the IRS is Two Hundred Fifty-Nine Thousand Six Hundred Twenty-Five and 09/100 Dollars ($259,625.09).

On April 19, 1984, Clarence M. King, Jr., District Director of the IRS, issued a "No-

tice of Jeopardy Assessment and Right of Appeal" to the taxpayer. It stated, in pertinent part:

> Under section 6861 of the Internal Revenue Code, you are notified that I have found you to be designing quickly to depart from the United States and to place your assets beyond the reach of the Government by concealing them by dealing in cash, attempting to sell your residence located at 3708 West 119th Terrace, which is the only known asset sufficient to satisfy your liability for 1977, 1978 and 1979 tax and penalties now before the United States Tax Court, and by removing your assets from the United States, thereby tending to prejudice or render ineffectual collection of income tax for the taxable years 1977, 1978 and 1979....

In making its jeopardy assessment, the IRS relied on the following information developed through investigation:

(1) The affidavit of Robert E. Sanders, an architect for the City of Leawood, Kansas, that he had spoken with Marcel Sam Lambert (taxpayer's husband), who told him that he had just returned from Germany, liked it there and wanted to live there. According to the affidavit, Lambert said he was selling his house and intended to move quickly to Germany.

(2) Lambert did not own the house in Leawood, but rather it was owned by his wife, the taxpayer. The investigation established that the taxpayer's house was for sale and had a local listing.

(3) The IRS investigation indicated that the taxpayer had been to Germany in 1984.

(4) The taxpayer has a current passport.

(5) The taxpayer had engaged in a course of conduct, which in the opinion of the IRS was designed to conceal assets. In particular, the taxpayer had in 1977 engaged in a series of cash transactions, including the purchase, in cash, in a single day, of thirteen cashier's checks in amounts of less than Ten Thousand Dollars ($10,000) at different Kansas City area banks. The IRS inferred that the taxpayer was attempting to avoid disclosure requirements imposed on banks for similar transactions in amounts of Ten Thousand Dollars or more.

(6) The taxpayer has been seen to drive expensive automobiles, including those manufactured by Mercedes Benz, without registration of such automobiles in her name.

(7) The only asset in taxpayer's name sufficient to satisfy the claimed liability is the house, which is listed for sale. Taxpayer has no visible means of support other than that provided by her husband.

█ Additionally, the court hearing established that plaintiff's husband, Mr. Lambert, controls plaintiff's finances. Mr. Lambert, by his own testimony, established that he is involved in secretive financial arrangements, usually on a cash basis, and often in amounts of hundreds of thousands of dollars, with at least one individual and corporation with addresses in Argentina, the Cayman Islands and the Bahamas. The nature and secrecy of these transactions by the person who controls plaintiff's finances is sufficient reason, in the court's opinion, for reasonable apprehension by the IRS about the dissipation of the assets securing the alleged indebtedness.

Plaintiff contends that the government has not established sufficient reason for the jeopardy assessment. Plaintiff brought forward the testimony of Mr. Lambert that he does not intend to become a resident of Germany. He testified that he does like Germany, but that does not mean he will leave this country. Further, plaintiff contends that the mere fact that her husband likes Germany does not mean the taxpayer would move to Germany. She contends that she has family remaining in the United States and she would not want to leave.

Plaintiff further contends that the government engaged in very little investigation before assessing the jeopardy assessment. Plaintiff contends that the IRS should not have relied on the affidavit of Robert Sanders, and that the IRS could have talked to Mr. Lambert or plaintiff before the jeopardy assessment. The IRS has not talked to Mr. Lambert or the plaintiff.

Plaintiff contends that the so-called concealment of assets through dealing in cash took place in 1977, a long time ago. Plaintiff did not quickly depart the country then, and she maintains that the 1977 transactions do not suggest that she now intends to quickly depart the country. Further, plaintiff explains that the reason she drives Mercedes automobiles is that her husband, Mr. Lambert, deals in Mercedes Benz automobiles out of his home. Further, plaintiff contends that the reason for the trip to Germany on this and a previous occasion was so that her husband could purchase Mercedes Benz automobiles.

Plaintiff states her possession of a current, valid passport does not indicate she intends to quickly depart the country. Plaintiff contends that numerous people throughout the United States have valid passports without any intent to depart the country on a permanent basis. Further, plaintiff has indicated a willingness to deposit her passport with the court for safekeeping until a decision by the Tax Court on her tax deficiencies.

■ The court has had an opportunity to review the evidence, and finds the decision of the Secretary to be reasonable for the following reasons:

(1) The only asset sufficient to satisfy the claimed liability, plaintiff's house, is for sale. Plaintiff has no other visible means of paying any possible judgment of the Tax Court.

(2) The circumstances indicate a substantial likelihood that upon the sale of the house and the conversion of that asset into cash, the cash could be placed beyond the reach of the government. This could happen through the plaintiff's departure from the country, a foreseeable possibility in light of the affidavit of Mr. Sanders, the past trips to Germany, and the possession of a passport. Dissipation of the cash could also occur through Mr. Lambert's secretive financial dealings in cash with one or more individuals from foreign countries.

The court therefore finds that the government has established its burden of showing the reasonableness of the jeopardy assessment herein.

■ As to the amount of the assessment, plaintiff has not established that the amount of the assessment, essentially a lien on the taxpayer's property, is excessive. It is noted by the court that the claimed tax deficiency is an amount comparable to the asking price on plaintiff's house.

IT IS BY THE COURT THEREFORE ORDERED that the clerk of this court enter judgment in favor of the defendant, the United States of America, in this action.

## ON MOTION FOR RECONSIDERATION

This matter is before the court on plaintiff's motion for reconsideration of the court's order dated August 13, 1984, and for an order requiring the government to show cause why William L. Wells, Internal Revenue Service Agent, should not be held in contempt of court.

Plaintiff sought review pursuant to 26 U.S.C. § 7429(b) of a jeopardy assessment taken by the Internal Revenue Service [hereinafter IRS] against plaintiff arising from alleged tax deficiencies for the years 1977 through 1979. By order dated August 13, 1984, this court upheld the jeopardy assessment imposed by the government.

In this motion for reconsideration, plaintiff argues as follows. (1) If there is a tax due, the tax impact is against Marcel Sam Lambert, plaintiff's husband, not plaintiff. Therefore, plaintiff contends that the

government is proceeding against the wrong taxpayer. (2) Plaintiff contends that IRS Agent William L. Wells is guilty of perjury in connection with his testimony to this court. Plaintiff's argument is based on what she sees as certain discrepancies between Mr. Wells' testimony and an affidavit relied on in this case given by Robert E. Sanders, City Architect of Leawood, Kansas.

■ The court shall first address the question of the reasonableness of the tax. This court held that the amount of the jeopardy assessment was not unreasonable and that plaintiff had not established that the amount of assessment, essentially a lien on the taxpayer's property, was excessive. Plaintiff's contention that the tax deficiency is actually that of her husband and not her own is not relevant to the court's determination of the jeopardy assessment. As stated in *Haskin v. United States*, 444 F.Supp. 299, 304 (C.D.Cal.1977): "Section 7429(b) does not contemplate that this Court attempt to determine the ultimate tax liability. A determination pursuant to Section 7429 will have no effect upon the determination of the correct tax liability in a subsequent proceeding." Therefore, the court finds that it is not in its jurisdiction under the jeopardy assessment statute to determine the correct tax liability of the plaintiff. Therefore, plaintiff's motion for reconsideration must be denied.

■ As to plaintiff's motion for an order requiring defendant to show cause why IRS Agent William L. Wells should not be held in contempt of court, the court finds no basis to believe that Agent Wells perjured himself in the testimony before this court. The court is not convinced that the alleged discrepancies exist, and further is unconvinced that even if the discrepancies do exist that such discrepancies would amount to perjury.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for reconsideration and for an order to show cause is hereby denied.