**SAKI INTERNATIONAL, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C88–269.

United States District Court, N.D. Ohio, E.D.

March 23, 1988.

John Kennedy Lynch, Cleveland, Ohio, Frank McNally, Rocky River, Ohio, for plaintiff.

Louis Lombardo, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

DOWD, District Judge.

This action was brought by the plaintiff taxpayer as an action for judicial review of a jeopardy assessment made by the IRS against the plaintiff's property. Such an action is governed by a specialized statutory procedure found at 26 U.S.C. § 7429(b). In the ordinary case the district court must determine two things:

1. whether the making of the assessment is reasonable under the circumstances, and

2. whether the amount assessed is appropriate under the circumstances.

Unless the Court acts outside of its authority under this special statutory provision, as opposed to acting erroneously within its authority, the Court's determination is not reviewable by any other court. *See* 26 U.S.C. § 7429(f). *Schuster v. U.S.*, 765 F.2d 1047 (11th Cir.1985).

In the present case, federal government agents seized the plaintiff's books and records pursuant to a search warrant executed November 20, 1987, in connection with a criminal investigation being conducted by the Bureau of Alcohol, Tobacco and Firearms and the Internal Revenue Service. In addition to the books and records seized pursuant to the search warrant, the government seized the plaintiff's inventory pursuant to a tax jeopardy assessment. The inventory consisted of some 1300 firearms and approximately $11,000 in cash which was seized from a bank account of the plaintiff.

The Court has been advised that on March 22, 1988, the $11,000 seized by the government was applied to the government's tax computation of an amount in excess of $148,000, and that the plaintiff paid the balance owed under the government's computation, such balance being approximately $137,000. The Court has further been advised that the government has returned to the plaintiff the firearms inventory as a result of the plaintiff's payment of the tax claimed by the government to be owing.

Upon reflection of the current status of affairs, the Court concludes that this case is now moot, and that the taxpayer is obliged to pursue any further remedy by instituting a suit for tax refund. The Court reaches this conclusion because the Court's research has revealed that it is not within the Court's jurisdiction under 26 U.S.C. § 7429(b), the jeopardy assessment statute, to determine the correct tax liability of the taxpayer. *See, e.g., Pinto v. U.S.*, 599 F.Supp. 432, 436 (D.Kan.1984) (quoting *Haskin v. U.S.*, 444 F.Supp. 299, 304 (C.D. Cal.1977). For example, in the *Pinto* case the plaintiff argued that the tax deficiency was actually that of her husband and not of herself. The Court held that that issue was not relevant to the Court's determination of the jeopardy assessment.

The Court concludes that it would be acting outside its authority, and without jurisdiction, under the jeopardy assessment statute which governs this case, if the Court were to proceed to render a decision on the merits as to the actual tax liability of the plaintiff. Accordingly, the Court *sua sponte* dismisses the case without prejudice to the taxpayer's right to bring a suit for refund at a later date.

IT IS SO ORDERED.