**Alison HEDRICK**

v.

**UNITED STATES of America.**

No. 1:88–cv–1267–RCF.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 28, 1988.

Mary S. Donovan, Office of Mary S. Donovan, Atlanta, Ga., for plaintiff.

Sharon Douglas Stokes, Office of U.S. Atty., Atlanta, Ga., Ann Carroll Reid, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on defendant's motion for a protective order. Plaintiff opposes the motion.

Plaintiff brought this action pursuant to 26 U.S.C. § 7429 to review the jeopardy assessment of federal income tax against plaintiff. In accordance with 26 U.S.C. § 7429(b)(2) the court has set the case for a hearing on August 8, 1988. Plaintiff served notices of deposition and deposition subpoenas on Internal Revenue Service (IRS) Revenue Agent, James Kohler, who initiated the jeopardy assessment recommendation, and IRS Appeals Officer, Ronald Mills, who conducted the administrative hearing. Defendant moves for a protective order to quash both subpoenas.

This court's review of the jeopardy assessment is limited to two issues: 1) whether the making of the jeopardy assessment was reasonable under the circumstances, and 2) whether the amount assessed was appropriate. *See* 26 U.S.C. § 7429(b)(2). Generally, discovery is not permitted in proceedings under section 7429. *See Lace v. United States,* 79–2 U.S.T.C. ¶ 9692 (D.Vt.1979) [1979 WL 1491]. Limited discovery may be allowed in actions involving extremely complex factual situations and computations. *See Bremson v. United States,* 459 F.Supp. 121 (W.D.Mo.1978). However, where the facts are not complex and the government provides a detailed factual statement setting out the grounds for the assessment, there is little need for discovery. *See Hohman v. United States,* 535 F.Supp. 1218, 1222 (D.D.C.1982).

In the present case, the factual situation and computations are straightforward. The government provided plaintiff with a detailed letter as to the reasons for making a jeopardy assessment and the calculations used in determining the amount of the assessment. *See* Exhibit A to defendant's motion for protective order. Thus, plaintiff is well-informed about the facts upon which the government relies and is in no danger of being surprised at the hearing. Plaintiff will have ample opportunity at the hearing to challenge these facts by cross-examination of the government's witnesses and by presenting evidence of her financial condition. Thus, the taking of depositions is unnecessary and would be wasteful in the present action.

Additionally, the court does not believe that Ronald Mills has information relevant to this hearing. Plaintiff is apparently complaining about the cursory nature of the administrative hearing; however, that issue is not before the court. The court, therefore, finds, that discovery is unwarranted in this action.

Accordingly, defendant's motion for a protective order is GRANTED.

SO ORDERED.