724 F.Supp. 1036 (1989)
Joyce W. BOYD, Plaintiff,
v.
UNITED STATES of America, Defendant.
Civ. A. No. 89-2243.
United States District Court, District of Columbia.
November 7, 1989.
*1037 Eva Pernell Britt, Washington, D.C., for plaintiff.
Robert Coulter, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

ORDER
JOHN H. PRATT, District Judge.
Before the Court are two motions stemming from a jeopardy assessment noticed by the Internal Revenue Service on May 24, 1989, against plaintiff pursuant to 26 U.S.C. § 6861 (1988). On August 8, 1989, plaintiff properly appealed the sufficiency of the notice of jeopardy assessment to this Court. 26 U.S.C. § 7429(b). The government responded with a motion for summary determination on September 8. Plaintiff then moved to abate the jeopardy assessment on October 16.
Plaintiff's motion for abatement is based on 26 U.S.C. § 7429(b)(2), which provides that within twenty days after a taxpayer has commenced an action for review, "the district court shall determine" the reasonableness of the making of the jeopardy assessment and the amount assessed.[1] Plaintiff claims that the government's failure to respond to her complaint within twenty days requires abatement of the jeopardy assessment.
We conclude for several reasons that such an extreme consequence is unwarranted. First, plaintiff failed to notify this Court of her entitlement to a speedy determination until October 16, over two months after filing her complaint. Second, the summons required the government to answer plaintiff's complaint within sixty days, not twenty. Third, on September 28, after the twenty day statutory period had expired, plaintiff requested an extension until November 13 to respond to the government's motion for summary determination.[2] Fourth, there is some evidence that plaintiff may have desired a delay to allow her time to negotiate a settlement. Finally, the government filed its motion for summary determination within one month of plaintiff's complaint and plaintiff has alleged no prejudice resulting from the delay.
Section 7429(b)(2) requires this Court "to act within an extraordinarily short time. The taxpayer's funds have been subjected to assessment and lien; the Congress gave [her] a right to demand speedy review." Meadows v. United States, 665 F.2d 1009, *1038 1012 (11th Cir.1982). But where the taxpayer fails to demand speedy review until after the twenty day period has expired, courts have held that jurisdiction in the district court remains. Id.; United States v. Doyle, 660 F.2d 277, 280 (7th Cir.1981). We agree. Accordingly, plaintiff's motion for abatement is denied. We now turn to the government's motion for summary determination.
The Court must determine: 1) whether the making of the jeopardy assessment was reasonable under the circumstances; and 2) whether the amount assessed was appropriate under the circumstances. 26 U.S.C. § 7429(b)(2). The government bears the burden of proof on the first inquiry; plaintiff bears this burden on the second. Id. § 7429(g).
We find that the making of the jeopardy assessment was entirely reasonable. Plaintiff failed to file a 1988 federal income tax return due April 15, 1989, and has received no extension. In addition, she conducted two large cash transactions during 1988,[3] although her 1987 tax return reported income of only $16,669.[4] Under these circumstances, the Internal Revenue Service reasonably inferred that collection of plaintiff's tax deficiency would be jeopardized by delay. 26 U.S.C. § 6861(a); see, e.g., McAvoy v. IRS, 475 F.Supp. 297 (W.D. Mich.1979); Loretto v. United States, 440 F.Supp. 1168 (E.D.Pa.1977); Haskin v. United States, 444 F.Supp. 299 (C.D.Cal. 1977).
The Court also concludes that the $45,056 assessment was reasonable in amount under the circumstances. We first note that plaintiff has failed to offer any evidence on this issue. Moreover, the assessment was based only on the $44,500 automobile lease down payment and the $31,000 beauty salon purchase. Ordinary living expenditures, which plaintiff must have made, were not included.
Accordingly, it is this 6th day of November, 1989,
ORDERED that plaintiff's motion to abate the jeopardy assessment is denied; and it is
FURTHER ORDERED that the government's motion for summary determination is granted.
NOTES
[1] Subsection (c) permits an extension of this 20 day period at the taxpayer's request. 26 U.S.C. § 7429(b)(3).
[2] The Court denied that request on October 3, and gave plaintiff until October 23 to respond to the government's motion.
[3] Plaintiff made a $44,500 down payment on an automobile lease in May 1988 and purchased a beauty salon in early November 1988 for $31,000.
[4] A second 1987 income tax return signed by plaintiff reported income of $65,458. This return, presented to the McLean Federal Savings and Loan Association in connection with financing the automobile lease, was never filed with the Internal Revenue Service.