**Magnus LINDHOLM, Plaintiff,**

v.

**UNITED STATES of America,
et al., Defendants.**

**Civ. A. No. 92–2136.**

United States District Court,
District of Columbia.

Sept. 28, 1992.

Jay Stephens, U.S. Atty., Margaret M. Earnest, Tax Div., Dept. of Justice, Washington, DC, for U.S.

J. Roger Mentz, Linda E. Carlisle, McClure, Trotter & Mentz, Washington, DC.

Michael Quigley, Lucy W. Plisken, Akin, Gump, Hauer & Feld, Washington, DC.

## MEMORANDUM OPINION

REVERCOMB, District Judge.

On June 1, 1992, the Internal Revenue Service (IRS) made a jeopardy assessment against the plaintiff pursuant to 26 U.S.C. § 6861. On September 18, 1992, the plaintiff filed this action under 26 U.S.C. § 7429(b), which provides for expedited judicial review of jeopardy assessments. The Court's task in reviewing a jeopardy assessment is to determine whether "the making of the assessment . . . is reasonable under the circumstances," and whether "the amount so assessed . . . is appropriate." § 7429(b)(3)(A). The Court has twenty days from the filing of this action to make a determination, *id.*, and its decision is unreviewable by any other court. § 7429(f). The immediate issue to be resolved by the Court in this Order is whether, and to what extent, plaintiff may conduct discovery prior to the Court's decision in this matter.

Under 26 U.S.C. § 6861, the IRS may immediately assess any alleged tax deficiency if it believes that delay would jeopardize the assessment or collection of such deficiency, notwithstanding applicable due process procedures for the making of tax assessments. *See* 26 U.S.C. § 6213(a).

A jeopardy assessment is an extraordinary measure, contemplated to be "used sparingly." *George F. Harding Museum v. United States*, 674 F.Supp. 1323, 1326 (N.D.Ill.1987) (quoting Internal Revenue Manual § 4584.2(2)). Underlying the present action, the IRS has challenged plaintiff's tax returns for the 1985, 1986, and 1987 tax years, and it has assessed taxes, interest, and penalties against the plaintiff totalling more than $72 million. Plaintiff challenges this jeopardy assessment, and in preparation for a hearing in this matter scheduled for October 6, 1992, the plaintiff moved for expedited discovery, which motion was granted by the Court by an Order dated September 23, 1992. Now, the IRS has filed an Emergency Motion for Reconsideration.

■ Judicial review pursuant to 26 U.S.C. § 7429 is necessarily summary in nature and does not determine ultimate tax liability. *See, e.g., Hohman v. United States*, 535 F.Supp. 1218, 1220 (D.D.C. 1982); *McAvoy v. Internal Revenue Serv.*, 475 F.Supp. 297, 298 (W.D.Mich.1979); *Haskin v. United States*, 444 F.Supp. 299, 304 (C.D.Cal.1977). Rather, the Court merely examines the reasonableness and amount of the extraordinary measure taken by the IRS to collect a tax assessment. A full evidentiary hearing is not required, and the Court may base its decision upon affidavits submitted by the parties. *McAvoy*, 475 F.Supp. at 297.

■ Nevertheless, in a case addressing the precise issue presented here, this Court has held that "Section 7429 does not bar discovery." *Hohman*, 535 F.Supp. at 1221 (Penn, J.).

[A] taxpayer who initiates a Section 7429 proceeding is entitled to *limited* discovery if he demonstrates that he requires discovery in order to participate meaningfully in the hearing on the reasonableness of the assessment. The fact that the proceedings are summary and a determination expedited requires the Court to exercise firm control over discovery and to allow only such discovery as may be necessary for the narrow question before the Court.

*Id.* (emphasis in original). The Court in *Hohman* recognized that a taxpayer may gain knowledge of the basis for a jeopardy assessment through a letter required to be provided by the IRS to the taxpayer within five days of the making of a jeopardy assessment and that shall provide "the information upon which the Secretary relie[d] in making such assessment." 26 U.S.C. § 7429(a)(1). Alternatively, the taxpayer may initiate discovery in order to learn the reasons for the IRS's assessment. *See Hohman*, 535 F.Supp. at 1220. Whether the latter method of preparation for a section 7429 hearing is justified "must be determined based upon the facts of each case and depends upon whether the Secretary has furnished complete information in the letter provided to the taxpayer...." *Id.* at 1221.

The decision in *Hohman* is sound. Section 7429 facilitates an expedited review of a jeopardy assessment by requiring the IRS to disclose information to the taxpayer. However, should the IRS fail to provide adequate information, the taxpayer may be left challenging an assessment made against it from a position of ignorance. The fact that the burden of proof in establishing the reasonableness of an assessment is on the IRS, 26 U.S.C. § 7429(g)(1), does not alleviate the need of the taxpayer to be sufficiently informed. As noted by the Supreme Court in an analogous case instituted before the enactment of section 7429, "the relevant facts are those in the Government's possession, and they must somehow be obtainable from the Government." *Commissioner v. Shapiro*, 424 U.S. 614, 628, 96 S.Ct. 1062, 1071, 47 L.Ed.2d 278 (1976) (holding, *inter alia*, that taxpayer about to be extradited to Israel to stand trial on criminal charges, and who required assets in the United States to post bond in Israel, was not barred by the Anti–Injunction Act from challenging a jeopardy assessment; and burden under the Act to show that government could not ultimately prevail was waived because all relevant facts were in the government's possession).

In the present case, plaintiff was informed of the jeopardy assessment by a

letter dated June 3, 1992. *See* Complaint for Abatement of Jeopardy Assessment and Related Jeopardy Levies [hereinafter Complaint], Exhibit A. This letter provides only a single paragraph explanation by the IRS of its basis for decision. Subsequent to receiving the June 3 letter, plaintiff made numerous attempts to obtain additional information, including the filing of a Freedom of Information Act ("FOIA") request, allegedly meeting with only limited success. Complaint, at 3–7. Ultimately, plaintiff filed a FOIA action to obtain information regarding the jeopardy assessment, which action is currently pending in this Court. *Lindholm v. United States*, No. 92–2044 (D.D.C. filed Sept. 4, 1992).

It appears to the Court, from all documents filed thus far by the parties, that an insufficient amount of information has been given to the plaintiff regarding the jeopardy assessment made against him, either in the June 3 letter or in subsequent documentation. As a result, limited discovery will be allowed, although the breadth of the Court's Order of September 23, 1992, granting expedited discovery, proves too much for the purposes required in a section 7429 hearing. Therefore, the United States' Emergency Motion for Reconsideration will be granted in part and denied in part, in accordance with the Order that accompanies this memorandum opinion.