**Christa Karin MUELLER and Reinhard Mueller, Plaintiffs,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE and United States of America, Defendants.**

**No. 95–6078–CIV.**

United States District Court, S.D. Florida.

Feb. 21, 1995.

Jose Francisco De Leon, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendants.

Martin Press, Broad & Cassel, Ft. Lauderdale, FL, for plaintiffs.

### MEMORANDUM OPINION

HIGHSMITH, District Judge.

THIS CAUSE is before the Court for judicial review of a jeopardy assessment made by the Internal Revenue Service ("IRS") against Plaintiffs Christa Karin Mueller and Rein-

---

hard Mueller, for the 1986 tax year. In lieu of an evidentiary hearing, the Court required the parties to submit evidence relative to their respective burdens in this proceeding. Upon review of the submissions and the record, the Court makes the following findings and conclusions.

## EVIDENTIARY FINDINGS

On June 23, 1994, a grand jury for the United States District Court for the Middle District of Florida issued an indictment charging Reinhard Mueller with bank fraud, wire fraud, tax evasion and tax perjury with respect to the plaintiffs' federal income tax return for the year ended December 31, 1986, and with perjury, in the case *United States v. Reinhard P. Mueller,* No. 94–90–CR–ORL–18 (M.D.Fla.). On August 4, 1994, a superseding indictment issued, which eliminated the charge of wire fraud. The indictment charged Reinhard Mueller, as majority stockholder and sole surviving director and officer of Omni Equities, Inc., with the liquidation of the company, the depletion of its assets, and the diversion of its funds for his own financial gain. According to the indictment, these illegal financial gains were wired to a bank account in England in an attempt to evade federal income taxes. Reinhard thereafter submitted a false joint income tax return with Christa Karin Mueller, his spouse.

On October 7, 1994, a jury convicted Reinhard Mueller on all counts of the superseding indictment except for the perjury count.[1] Reinhard Mueller is currently serving a prison sentence with respect to the criminal conviction. Moreover, as part of his sentence, Reinhard Mueller has been order to make restitution in the amount of $654,735.51, and pay a fine in the amount of $50,000.00.

During the pendency of the criminal case, Christa Karin Mueller posted a $900,000.00 bond for her husband consisting of $450,000.00 cash deposited into the Registry of the Court, and a mortgage deed on the Mueller's

residence. The cash portion of the bond is now the subject of a garnishment action filed in the Middle District of Florida by a third party for recovery of a debt owed by Reinhard Mueller to that party in the amount of $854,798.00.

On October 11, 1994, the IRS issued a Notice of Jeopardy Assessment against the plaintiffs for the 1986 tax year in the amount of $3,459,823.88. The amount assessed consists of $1,367,888.00 in taxes, $1,705,702.88 in interest, and $341,233.00 in penalties. As stated in the Notice, the IRS determined that the collection of tax was in jeopardy because: (a) the plaintiffs were, or appeared to be, attempting to either place their property beyond the reach of the government, to conceal it, to dissipate it, or to transfer it to others; and (b) their financial solvency was imperiled.

On October 18, 1994, the plaintiffs filed a protest with the IRS, seeking administrative review of the jeopardy assessment. On January 13, 1995, the plaintiffs were orally informed that the assessment was sustained. On January 26, 1995, the plaintiffs initiated this action for judicial review of the assessment. Under Count I of the Complaint, the plaintiffs allege that the assessment is unreasonable as to Reinhard Mueller. Under Count II, they allege that the assessment is unreasonable as to Christa Karin Mueller, and that the amount assessed is inappropriate as to her.

## DISCUSSION

■ Under the Internal Revenue Code ("the Code"), "[i]f the IRS determines that the collection of taxes is in jeopardy, it is authorized to determine immediately the amount of tax due, serve notice of the jeopardy assessment upon the taxpayer, immediately demand payment, and immediately levy upon the taxpayer's property." *Harvey v. United States,* 730 F.Supp. 1097, 1103 (S.D.Fla.1990) (quoting *Breen v. United States,* 49 A.F.T.R.2d 82–772, 1981 WL 1936

---

1. Prior to this criminal proceeding, Reinhard Mueller had pled guilty to a Superseding Information charging him with knowingly and willfully procuring, advising, and causing the preparation and presentation to the IRS of a tax return by a third party, which return was false and fraudulent as to material matters. *United States v. Edward J. Roy and Reinhard Mueller,* No. 85–8054–CR–RYSKAMP (S.D.Fla.).

(N.D.Ga.1981)); 26 U.S.C. § 6331(a), (d)(2). In light of this broad grant of authority to the IRS in making such assessments, Congress enacted 26 U.S.C. § 7429 to provide some form of summary review, on an expedited basis, of the assessments made. *Harvey*, 730 F.Supp. at 1103. Specifically, pursuant to § 7429(b)(3)(A), the district court must, within twenty days after the commencement of the jeopardy assessment review proceeding, determine whether or not: (1) the making of the assessment is reasonable under the circumstances, and (2) the amount so assessed or demanded is appropriate under the circumstances.[2] An evidentiary hearing is not required, and the Court may rely on evidence that would otherwise be inadmissible at trial. *Hecht v. United States*, 609 F.Supp. 264, 266 (S.D.N.Y.1985). *See also Lindholm v. United States*, 808 F.Supp. 1 (D.D.C.1992) (A full evidentiary hearing is not required, and the Court may base its decision upon affidavits submitted by the parties.).

1. *Reasonableness of Assessment.*

■ In determining the reasonableness of the assessment, the burden of proof with respect to such issue is on the government. 26 U.S.C. § 7429(b), (g)(1). Here, Reinhard Mueller has been tried and convicted of tax evasion and bank fraud. "A taxpayer's involvement in illegal activity alone is sufficient to warrant the use of a termination or jeopardy assessment." *Harvey*, 730 F.Supp. at 1106. Moreover, involvement in illegal activity is an important consideration in the determination of whether an assessment is reasonable. *Id.* In this regard, the Court finds that the making of the jeopardy assessment against Reinhard Mueller is reasonable. Indeed, Reinhard has demonstrated a substantial disregard for the tax laws of this country by transferring funds beyond the reach of the IRS and by his failure to file correct income tax returns. Hence, the Court concludes that Reinhard Mueller's predisposition to thwart efforts to collect taxes due from him justifies the IRS determination that the collection of the tax deficiency may be jeopardized by any delay in such collection. *See,*

*e.g., Boyd v. United States,* 724 F.Supp. 1036 (D.D.C.1989) (IRS reasonably inferred that collection of tax deficiency would be jeopardized by delay); *Cantillo v. Coleman,* 559 F.Supp. 205 (D.N.J.1983) (Taxpayer's demonstrated aversion toward voluntary compliance with tax laws and past attempt to avoid tax liability justified jeopardy assessment.).

■ The Court also finds that the imposition of a jeopardy assessment is reasonable with regard to Christa Karin Mueller. 26 U.S.C. § 6013(d)(3) specifically provides that if a husband and wife file a joint tax return, they will be held jointly and severally liable for any tax liability arising out of that return. Here, the tax liability at issue arises out of the Mueller's 1986 joint tax return. Accordingly, Christa Karin Mueller *may* be held liable for any deficiency, plus interest and penalties. *See In re Kirk,* 98 B.R. 51, 54 (M.D.Fla.1989).

The imposition of a jeopardy assessment as to both plaintiffs is further supported by the IRS' concern that the plaintiffs may become insolvent. *See* Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1976, H.R.Rep. No. 10612, 94th Cong., 2d Sess., 361, n. 7 (1976) (Factor to consider is whether taxpayer's financial solvency appears to be imperiled.). Reinhard Mueller has been ordered to pay restitution in the amount of $654,735.51, and a civil action has been initiated to garnish the $450,000.00 bond that Christa posted in Reinhard's criminal case. Viewing these factors in light of Christa's deposition testimony regarding her present reduced financial condition, the Court is of the opinion that the plaintiffs' solvency is a valid concern. *See White v. United States,* 754 F.Supp. 66, 68 (M.D.N.C.1991) (Court order to pay restitution and pending civil action for damages were factors considered in determining whether taxpayer's solvency was imperiled.).

2. *Appropriateness of Amount.*

■ In this case, the plaintiffs have only challenged the appropriateness of the amount as assessed against Christa Karin Mueller. As to the appropriateness of the

---

**2.** The Court has exclusive jurisdiction over this    matter pursuant to 26 U.S.C. § 7429(b)(2)(A).

amount of the assessment, the government must provide a written statement which contains any information with respect to which the determination of the amount assessed was based, but the burden of proof as to the unreasonableness of the amount is on the taxpayer. 26 U.S.C. § 7429(b), (g)(2). Section 6653(b)(3) of the Code provides that a spouse is not liable for a civil penalty when a joint return is filed unless some part of the underpayment is due to the fraud of that spouse. The Court's review of Christa's deposition leads the Court to the conclusion that Reinhard's fraudulent activity should not be imputed to Christa. *Cf. Kirk,* 98 B.R. at 54. Hence, the Court finds it inappropriate to hold Christa accountable at this point in time for any tax penalties that have accumulated due to her husband's fraud. Accordingly, the Court shall abate the amount of the assessment against Christa Karin Mueller to the extent of the penalties assessed; i.e., the total amount assessed shall be reduced by $341,233.00.

### CONCLUSION

Based upon the foregoing considerations and in accordance with the Court's order of February 15, 1995, it is

ORDERED AND ADJUDGED that Final Judgment be and the same is hereby entered in favor of defendants as to the reasonableness of the jeopardy assessment, and as to the amount of the assessment against Reinhard Mueller. It is further

ORDERED AND ADJUDGED that the amount of the assessment as against Christa Karin Mueller shall be reduced by $341,-233.00. This case is CLOSED.

DONE AND ORDERED.