**John E. LEVRIO, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. A. No. 85–1143.

United States District Court, W.D. Pennsylvania.

July 9, 1986.

James K. O'Malley, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Stuart J. Glick, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM OPINION

DIAMOND, District Judge.

Plaintiff commenced this action under 26 U.S.C. § 7429, and seeks judicial review of a termination assessment[1] of federal income taxes made against him by the Internal Revenue Service ("IRS") for the year 1985. Presently before the court is the

---

**1.** A termination assessment may be made against any taxpayer whenever the Internal Revenue Service finds that the assessment or collection of a taxpayer's taxes is in jeopardy. Notice of the assessment and a demand for payment must then be made on the taxpayer. 26 U.S.C. § 6851.

defendant's motion for summary judgment which for the reasons set forth below will be granted.

## I. Background

On March 13, 1985, the Pennsylvania State Police arrested the plaintiff and charged him with possession and intent to distribute cocaine. After searching the plaintiff's residence, the police discovered 2,893 grams of nearly pure uncut cocaine with an estimated street value of $2,000,-000. During a subsequent search of Levrio's residence, the police discovered $211,-331.83 in ten, twenty, fifty and one hundred dollar bills in a briefcase. Levrio subsequently entered a guilty plea to one count of intentionally and unlawfully possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

Based on this information and the fact that Levrio was unemployed at the time of the arrest, on March 22, 1985, the IRS made a termination assessment against Levrio in the amount of $323,393.36 for the year 1985. Pursuant to the procedures outlined in 26 U.S.C. § 7429(a), the plaintiff sought administrative review of that determination wherein he alleged that the making of the assessment and the amount of the assessment were unreasonable. On April 29, 1985, the Pittsburgh, Pennsylvania Appeals Office of the IRS ruled that the making of the termination was reasonable under the circumstances. However, the Appeals Office reevaluated the amount of the assessment and determined that $25,600.00 should be abated. Thus, the total of the assessment was redetermined to be $297,793.36.

Under 26 U.S.C. § 7429(b), the plaintiff now seeks judicial review of the termination assessment made against him. The plaintiff, alleging that the assessment was unfair, arbitrary and without any basis, contends that there was no evidence that the cocaine found in his residence belonged to him, and that defendant had no basis for determining that all of the cash seized at plaintiff's residence was current taxable income.

The defendant maintains that under the circumstances, the making of the termination assessment was reasonable since plaintiff's involvement in illegal drug trafficking activities justified the conclusion that the collection of plaintiff's taxes could be jeopardized, that is, that the collection of taxes could be prejudiced by delay. *See, Hamilton v. United States,* 81–1 U.S.T.C. 9325 (E.D.Va.1981). With respect to the appropriateness of the amount of the assessments, the defendant asserts that the calculation, based on the plaintiff's assets at the time of his arrest, was reasonable.

Plaintiff limits his response to the reasonableness of that portion of the assessment pertaining to the cocaine. Plaintiff contends that it is improper to treat cocaine as current taxable income. The plaintiff asserts that drugs are often "fronted", i.e. supplied on credit, to customers who do not pay the supplier until they, in turn, have sold the drug and received payment. Plaintiff argues that until the cocaine has been sold and the money turned over to him, he has not received income from the sale of the drug, and therefore, the IRS has no basis for including the drug as the equivalent of cash.

## II. Applicable Law

In a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must determine whether the record indicates any issues of material fact, assume the resolution of any issue in favor of the non-movant and determine whether the movant is entitled to judgment as a matter of law. *First Jersey National Bank v. Dome Petroleum, Ltd.,* 723 F.2d 335 (3d Cir.1983). *See, e.g., Hollinger v. Wagner Mining Equipment,* 667 F.2d 402, 405 (3d Cir.1981).

The issues before the court are whether the IRS was reasonable in its belief that its ability to collect income taxes from Levrio was in jeopardy at the time the termination assessment was made and whether the

amount assessed was appropriate under the circumstances. Congress enacted § 7429(b) to provide judicial review of an inappropriate termination or jeopardy assessment and prevent any undue hardship to the taxpayer. *See,* S.Rep. No. 938, 94th Cong., 2d Sess. 363 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News pp. 2897, 3439, 3792–93. Section 7429(b)(2) provides in pertinent part:

... [T]he district court shall determine whether or not—

(A) the making of the assessment under Section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under Section 6851, 6861, or 6862, is appropriate under the circumstances.

In order for this court to make its two determinations under § 7429(b), a test of reasonableness must be applied. In *Loretto v. United States,* 440 F.Supp. 1168, (E.D.Pa.1977), the court reasoned that, " 'reasonable under the circumstances' means something more than 'not arbitrary or capricious,' and something less than 'supported by substantial evidence.' *See generally* 5 U.S.C. § 706(2)(A), (E) (1970)." *Loretto,* at 1172. (footnote omitted). This test applies to both the making of the assessment and the amount thereof.

The IRS has the burden of proving that the making of the assessment is reasonable under the circumstances. However, the taxpayer has the burden of proof in challenging the reasonableness of the amount assessed. 26 U.S.C. § 7429(g).

■ We believe that the government has carried its burden of proof as to the reasonableness of making a termination assessment against the plaintiff. At Levrio's residence, the police found 2,893 grams of nearly pure cocaine and $211,331.83 in cash. Based on this information, the IRS reasoned that Levrio was earning income through illegal activities and not reporting this income to the IRS. The IRS also determined that the plaintiff had insufficient assets to satisfy his tax liability. In light

of these circumstances, we believe that the IRS had sufficient reason to believe that Levrio was "designing quickly to place [his] property beyond the reach of the government by either concealing it or dissipating it." *See generally* 26 U.S.C. § 6851(a)(1). The question is not whether the money or cocaine belongs to the taxpayer. The court's responsibility is to determine only whether the IRS was reasonable in its belief that it was in jeopardy of collecting taxes due for the current year. *See Amyx v. United States,* 529 F.Supp. 98, 99 (S.D.Ohio 1981).

The second issue we must address is whether the amount of tax assessed against the plaintiff was appropriate under the circumstances. It is presumed that the amount of the termination assessment is reasonable in an action pursuant to § 7429 and the burden of proof is on the plaintiff to rebut this presumption. *Loretto v. United States, supra* at 1172 n. 7. In *Amyx v. United States, supra,* the court stated that the question is not whether the taxpayer owes the money to the IRS, but whether it is a reasonable assessment under the circumstances. *Amyx* at 100.

Plaintiff questions the inclusion of the value of the 2,893 grams of cocaine seized from his residence as taxable income. Plaintiff asserts two arguments in this regard. First, Levrio contends that there is no evidence that the cocaine belonged to him and thus, the IRS had no basis for treating the cocaine as his property. In this regard, we note *Loretto v. United States, supra.* In this similar case, Loretto contended that the IRS had no basis for treating money found under a mattress as income taxable only to Loretto since it was found in a bedroom that he and his wife shared and in the house where their son resided. The court, however, finding that the IRS had acted reasonably, stated:

The short answer to this contention is that Loretto may in fact ultimately establish that, for one reason or another, the $14,050 cannot be attributed to him as taxable income. At this stage, however, the only issue to be decided is the reason-

ableness of the termination assessment against Loretto. ... It would contravene the clear intent of Congress if I were to abate this assessment simply because the Secretary has not proven that the $14,050 represents taxable income to Loretto. It is sufficient that the Secretary acted reasonably in treating the money as taxable income to Loretto and I hold that he did so.

*Loretto v. United States, supra* at 1175.

The plaintiff also asserts that the cocaine should not be considered as taxable income until it has been sold and he has received money for it. Under the circumstances, we believe that the IRS conducted an appropriate assessment of plaintiff's assets.

■ First, we note 26 U.S.C. § 446 which states in pertinent part:

(a) General rule.—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

(b) Exceptions.—If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

(c) Permissible methods.—Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting—

(1) the cash receipts and disbursements method;

(2) an accrual method;

(3) any other method permitted by this chapter; or

(4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.

Since the plaintiff has never declared income under the "accrual method", the "cash receipts and disbursements method" or any other permissible method under 26 U.S.C. § 446, § 446(b) allows the Secretary to compute taxable income under any method which clearly reflects income. The IRS calculated plaintiff's taxable income based on the cash and the value of cocaine found at plaintiff's residence, in addition to the real and personal property he had purchased. We believe that under these circumstances, the amount assessed by the IRS was appropriate.

In this regard, we also note *Amyx v. United States, supra,* where the plaintiff was found to be in possession of more than 60 pounds of marijuana. The IRS included the value of the drugs in the termination assessment as taxable income to the plaintiff. The district court, upholding the inclusion of the value of the marijuana as appropriate in the assessment of the plaintiff's taxable income, noted that the plaintiff's actual tax liability would be determined at some future date in another forum. *Amyx* at 100. The court was only concerned with ascertaining whether the amount assessed was appropriate under the circumstances.

For the reasons set forth above, we conclude that the defendant has established that the assessment in the case *sub judice* was "reasonable under the circumstances." We also conclude that the plaintiff has failed to carry his burden of proof on the issue of whether the amount of the assessment was inappropriate under the circumstances.

Accordingly, the defendant's motion for summary judgment will be granted.

An appropriate order will follow.