Dale W. BLACK, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. C–C–90–60–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 20, 1990.

 

David M. Furr, Alala, Drum, Kersh, Solomon, Sigmon & Tate, P.A., Gastonia, N.C., for plaintiff.

Jon D. Pifer and Robert L. Welsh, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER AND MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Plaintiff's Motion to Dismiss Termination Assessment, filed March 26, 1990. The Plaintiff filed this Complaint on March 2, 1990, seeking judicial review of a termination assessment against the Plaintiff on imposed December 20, 1989.

Section 7429(b) of Title 26 of the United States Code provides the jurisdictional basis for the Court to consider the Plaintiff's Complaint. *See* 26 U.S.C.A. § 7429(b) (West 1989). Section 7429(b) essentially provides an expedited, summary procedure for district courts independently to determine the reasonableness and propriety of tax assessments imposed by the Internal Revenue Service (IRS) under section 6851 of Title 26 of the United States Code. *Pinto v. United States*, 599 F.Supp. 432, 433 (D.Kan.1984); *McAvoy v. Internal Revenue Service*, 475 F.Supp. 297, 298 (W.D. Mich.1979). Section 7429 allows a court to grant immediate relief in situations in which the Secretary "has overstepped the boundaries of reasonableness" in making an assessment. *Pinto*, 599 F.Supp. at 433 (citing *Hohman v. United States*, 535 F.Supp. 1218, 1220 (D.C.Cir.1982)).

Before a Plaintiff may bring an action under section 7429(b), however, the administrative review procedures provided in section 7429(a) must be followed. *See* 26 U.S.C.A. § 7429(a) (West 1989). Section 7429(a)(1) essentially requires the Secretary to inform the taxpayer of his action concerning the assessment and authorizes the taxpayer to seek administrative review of the reasonableness of, and the propriety of the amount of, the assessment. *Id.* Under section 7429(a), the Secretary of the IRS (hereafter "the Secretary") must provide the taxpayer, within five days after an assessment, with a written statement of the information relied upon in making the assessment. *Id.* § 7429(a)(1). Section 7429(a) permits the taxpayer, within thirty days of receiving the written statement, to request the Secretary to review the administrative action taken. *Id.* § 7429(a)(2). The Secretary then must redetermine the reasonableness of, and the propriety of the amount of, the assessment and the reasonableness of the levy. *Id.* § 7429(a)(3).

Section 7429(b) authorizes the taxpayer to seek judicial review of the administrative action. *See id.* § 7429(b). Under section 7429(b)(1), the taxpayer has ninety days from either the day that the Secretary notifies him of the result of the redetermination or the sixteenth day after the taxpayer requested the Secretary to review the administrative action taken to bring a civil action seeking a judicial determination of the reasonableness of, and the propriety of the amount of, the assessment. *Id.* § 7429(b)(1).

After reviewing the case file, the Court finds that the Secretary has completed the administrative review process under section 7429(a). The Court also finds that under section 7429(b)(1), the Plaintiff timely has filed his Complaint with this Court.

■ Section 7429(b) requires a court to determine the reasonableness and propriety of a tax assessment within twenty days after the Plaintiff files his Complaint (hereafter "the twenty-day period"). *See id.* § 7429(b). Section 7429(b), however, tolls the running of the twenty-day period if the court determines that proper service was not made on the United States within five days after the commencement of the action. *Id.* If the court determines that proper service on the United States was not made within five days, the twenty-day period begins to run on the day that proper service was made on the United States. *Id.*

Rule 4(d)(4) of the Federal Rules of Civil Procedure provides the manner in which a party may effectuate proper service on the United States. Under Rule 4(d)(4) of the Federal Rules of Civil Procedure, effective service is made on the United States:

[B]y delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States Attorney ... and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia ...

F.R.Civ.P. 4(d)(4).

After reviewing the entire case file, this Court finds that the Plaintiff failed properly to serve the United States, pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The record reveals that the Plaintiff's counsel served the District Director of the Internal Revenue Service in Greensboro, North Carolina by certified mail. It does not appear, however, that the Plaintiff's counsel sent a copy of the summons and the complaint by registered mail to the Attorney General of the United States. The Court concludes, consequently, that the twenty-day period for determining the reasonableness and propriety of the termination assessment against the Plaintiff has not begun to run.

Nevertheless, on March 26, 1990, the United States of America filed a Response to the Plaintiff's Complaint. The United States justifies the termination assessment on the following facts. Pursuant to two search warrants, the police searched the Plaintiff's home and a safe deposit box and seized a total of $236,360.00 in cash, a certificate of deposit in the amount of $159,902.23, three pounds of marijuana, and a handgun. Pursuant to a search of the residence of the Plaintiff's alleged accomplice, the police seized, among other things, 1468 pounds of marijuana. The police arrested the Plaintiff and subsequently charged him with criminal drug charges.[1] The Plaintiff, however, reported on his tax returns for 1984 through 1988 a total of $162,019 in gross income. For 1988 alone, the Plaintiff reported a gross income of $25,871 and a tax liability of $900. The Plaintiff has refused to identify the source of cash seized at his residence.

■ Although the Plaintiff's failure properly to serve the United States has prevented the twenty-day period from beginning to run, the Response filed by the United States requested the Court to determine that the imposition of the termination assessment was reasonable and that the amount assessed was appropriate. The Court believes that to further the interests of justice and to promote the purpose of the summary procedure in section 7429(b), the Court can, and should, fulfill its obligation under the statute.

In this civil action, the burden of proof turns on the specific issue to be resolved. The Secretary has the burden of showing the reasonableness of the assessment. *Id.* § 7429(g)(1). The taxpayer, however, has the burden of showing the impropriety of the amount of the assessment. *Id.* § 7429(g)(2).

■ The Court, first, must consider whether the United States has satisfied its burden of showing that the imposition of the termination assessment was reasonable under the circumstances. Courts have defined the term "reasonable under the circumstances" to "mean something more than 'not arbitrary or capricious' and something less than 'supported by substantial evidence.'" *Levrio v. United States*, 644 F.Supp. 70, 71 (W.D.Pa.1986); *McAvoy*, 475 F.Supp. at 299; *Loretto v. United States*, 440 F.Supp. 1168, 1172 (E.D.Pa.1977) (references omitted). Courts also have recognized that in reviewing the reasonableness of the imposition of assessments, courts can consider any relevant information regardless if the information was available or known to the IRS at the time of the origi-

---

**1.** On March 26, 1990, the Plaintiff pleaded guilty before the undersigned to a violation of the federal drug laws, namely conspiracy to possess with the intent to distribute and to distribute in excess of 100 kilograms of marijuana. On the same date, the undersigned sentenced the Plaintiff to a term of imprisonment of 72 months.

nal assessment. *Bremson v. United States*, 459 F.Supp. 121, 125 (W.D.Mo. 1978); *Loretto*, 440 F.Supp. at 1173.

Having carefully reviewed the entire case file, the Court finds that the United States has satisfied its burden of showing that the imposition of the termination assessment was reasonable under the circumstances. The authorities seized from the Plaintiff's residence and safe deposit box over $236,360.00 in cash and a certificate of deposit in the amount of $159,902.23. The Plaintiff's residence also contained three pounds of marijuana. The Plaintiff's accomplice in this conspiracy had in his residence over 1400 pounds of marijuana. The Plaintiff, however, had reported a total of only $162,019 in gross income for 1984 through 1988 and had failed to provide the authorities with an explanation for the source of the seized funds. Additionally, the Plaintiff subsequently pleaded guilty to federal criminal drug charges arising out of his arrest. The Court concludes that based upon all of these facts, the IRS was reasonable in its belief that it was in jeopardy of collecting taxes due and that the imposition of a termination assessment was reasonable under the circumstances. *See Levrio*, 644 F.Supp. at 71 (finding that when police seized approximately three kilograms of nearly pure cocaine and in excess of $200,000 in cash from taxpayer's residence, IRS' conclusion that taxpayer was earning income from illegal activities, was not reporting income to IRS, and was designing to place property beyond reach of government and IRS' imposition of assessment was reasonable).

■ Having carefully reviewed the case file, the Court believes that the Plaintiff has failed to satisfy his burden of showing the impropriety of the amount of the assessment. The Plaintiff contends that the Plaintiff is being taxed on the value of property that he does not own and possibly on amounts that were legal non-taxable income, such as a substantial personal injury settlement. From the record and the arguments of the Plaintiff's counsel, however, the Court has been unable to determine what percentage of the assessment is for property not owned by the Plaintiff or is for legal non-taxable income. The Court concludes, consequently, that the Plaintiff has failed to carry his burden of showing the impropriety of the amount of the termination assessment.

Accordingly, the Court will deny the Plaintiff's Motion to Dismiss Termination Assessment, will deny the Plaintiff the relief sought in his Complaint, and will dismiss the Plaintiff's Complaint.

NOW, THEREFORE, IT IS ORDERED that (1) the Plaintiff's Motion to Dismiss Termination Assessment be, and hereby is, DENIED; and (2) the Plaintiff's Complaint be, and hereby is, DISMISSED WITH PREJUDICE.

The Court will file a Judgment simultaneous to the filing of this Order and Memorandum of Decision.