**Frank G. SELBE, III, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. A. No. 92–0638–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

June 9, 1995.

Frank G. Selbe, III, Roanoke, VA, pro se.

Richard A. Lloret, U.S. Attorney's Office, Roanoke, VA, William K. Rounsborg, Trial Attorney, Margaret M. Earnest, U.S. Department of Justice, Tax Division, Washington, DC, for defendant United States of America.

### MEMORANDUM OPINION

KISER, Chief Judge.

On April 2, 1992, the Internal Revenue Service ("IRS") made a jeopardy assessment against the plaintiff, Frank G. Selbe III, for unpaid federal income tax from the years 1983 and 1984, under 26 U.S.C. § 6861. Selbe sought administrative review and was denied relief. He then filed the instant action seeking a judicial determination regarding the reasonableness of the jeopardy assessment and the amount assessed, under 26 U.S.C. § 7429. Jurisdiction is proper under that section. The parties are now before me on Selbe's motion for summary judgment, filed pro se. The issues have been fully briefed and argued and are ripe for determi-

nation. For the reasons discussed below, I will grant Selbe's motion and order that the jeopardy assessment be abated.

## I. Background

This suit is just one of several surrounding the Selbes' sale of their home in Roanoke, Virginia, to Drs. David and Lily Hodges, on January 8, 1991. After the existing mortgages were paid, Selbe and his wife, Vicki, received as proceeds the sum of $93,700 and a deed of trust note for $300,000 plus interest of $50,000. Selbe immediately assigned his interest in the note to his wife pursuant to their 1985 prenuptial agreement, which provided that she was to receive at least one-half of the proceeds from the sale of the home. On August 19, 1991, Selbe pled guilty to charges of tax evasion. I first reviewed this transaction in connection with an indictment against Selbe for making a false statement to his probation officer because he failed to include the assignment of the note in his personal financial statement. (He did record the note and he listed the sale of the home and the $93,700 in proceeds on his statement.) *See United States v. Selbe,* Criminal Action No. 92–61–R. I overturned a jury verdict convicting Selbe because I did not view his statement as false. The Fourth Circuit upheld my decision in an unpublished opinion, specifically holding that under the prenuptial agreement, which entitled Mrs. Selbe to at least one-half of the proceeds of the family home, "Vicki had at least an equitable right to the entire amount of the $350,000 note on the date of the sale." *United States v. Selbe,* No. 92–5717, 1994 WL 284014 (4th Cir. June 27, 1994), slip op. at 5. The court further supported my conclusion that "the note in question did not belong to Selbe so that he could not have concealed his ownership or disposal of it. In signing over the note to his wife in January 1991, Selbe simply did what he was contractually bound to do and what a court of equity could have otherwise forced him to do. He was justified in considering the note to be his wife's property." *Id.* at 6.

At the same time Selbe was arrested for allegedly making the false statement, the IRS issued a jeopardy assessment against him and levied on the $350,000 note. The Hodges filed an interpleader action, *Hodges v. United States,* Civil Action No. 92–0411–R, and paid the value of the note into court, and Mrs. Selbe filed a suit against the government for wrongful levy against the note, under 26 U.S.C. § 7426, *Selbe v. United States,* Civil Action No. 92–0433–R. I consolidated those actions, dismissed the Hodges, and set the matters for trial in August 1995.

## II. Standard of Review

Because this case is before me on summary judgment under Rule 56, I must consider the evidence in the light most favorable to the nonmoving party and may grant summary judgment only where there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994). I must also consider the evidence in the light most favorable to the nonmoving party. *Id.*

In reviewing the jeopardy assessment, I must apply a standard somewhere between "not arbitrary and capricious" and "supported by substantial evidence." *Loretto v. United States,* 440 F.Supp. 1168, 1170 (E.D.Pa.1977). I may consider what the IRS knew or should have known and what is now known; I am not limited to considering what the IRS knew at the time of its decision, despite the government's objections. *Id.* at 1173; *see also Central De Gas De Chihuahua, S.A. v. United States,* 790 F.Supp. 1302, 1304 (E.D.Tex.1992) (holding that a court should consider all relevant evidence "includ[ing] information unknown to the IRS when it made the jeopardy assessment but discovered after that time"); *Black v. United States,* 734 F.Supp. 702, 704–05 (W.D.N.C. 1990) (considering information known and unknown to the IRS at the time the termination assessment was made in finding the assessment reasonable); *Stebco, Inc. v. United States,* 733 F.Supp. 1387, 1391 (S.D.Cal.) (considering all information available to date in finding jeopardy assessment unreasonable, and noting that the assessment would have been reasonable based only on the informa-

tion known to the IRS at the time the assessment was made), *appeal dismissed,* 916 F.2d 556 (9th Cir.1990); *Harvey v. United States,* 730 F.Supp. 1097, 1104 (S.D.Fla.1990). Finally, the government bears the burden of establishing that the assessment was reasonable, while Selbe bears the burden as to the reasonableness of the amount of the assessment. 26 U.S.C. § 7429(g).

## III. Discussion

■ As grounds for its jeopardy assessment, the IRS relied primarily on Selbe's failure to disclose the $350,000 note. *See* Exhibit 3 to Selbe's brief, June 2, 1992, letter from David E. Nelms, Appeals Officer, Internal Revenue Service, to W. William Gust, Selbe's attorney. The government justified the jeopardy assessment as reasonable under the circumstances, arguing that by selling his home and assigning the note to his wife, Selbe was attempting to put property beyond the reach of the government. *See* Treas. Reg. §§ 1.6851–1(a)(1)(i)–(iii), 301.6861–1(a); *White v. United States,* 754 F.Supp. 66, 68 (M.D.N.C.1991); Notice of Jeopardy Assessment and Right of Appeal issued to Selbe. Selbe counters that he did not own the note and, therefore, did not conceal its existence.[1] He argues that the government should be prohibited by the doctrine of collateral estoppel from arguing otherwise. I agree.

■ The doctrine of collateral estoppel precludes relitigation of an issue of law or fact if the parties had a full and fair opportunity to litigate the issue, the issue was actually litigated, and it was necessary to the prior judgment. *Brooks v. Arlington Hospital Ass'n,* 850 F.2d 191, 196 (4th Cir.1988) (giving preclusive effect to prior court's conclu-

sion of law that hospital had not violated its bylaws); *see United States v. One 1987 Mercedes Benz 300E,* 820 F.Supp. 248, 253 (E.D.Va.1993) (conviction operated as collateral estoppel in subsequent civil suit).[2] This is certainly true of my prior decision. The government does not challenge application of the doctrine on those grounds but objects that the different standard of proof in the criminal case forecloses the use of collateral estoppel here. The government is correct that were this a purely factual determination, the different standard of proof would mean that Selbe's acquittal would not have preclusive effect in a subsequent civil suit, *see, e.g., Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Vanerio v. IRS,* 629 F.Supp. 1141, 1145 (E.D.N.Y.1986), but this was a conclusion of law. *See Brooks,* 850 F.2d at 196.[3] Burdens of proof are beside the point.

■ Mixed issues of law and fact and questions of law applied to the very same historic facts, as before me here, are appropriate for issue preclusion, *United States v. Stauffer Chemical Co.,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984) (discussing collateral estoppel effect of unmixed questions of law), even in tax cases. *United States v. International Building Co.,* 345 U.S. 502, 505, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). This is particularly true here where the interests in reliance, repose, judicial economy, and the risks of inconsistency are high. Moreover, even without the doctrine of collateral estoppel, I would reach the same

---

**1.** I should also note that Selbe disclosed the sale, and the IRS discovered the note in the public records, thus it was hardly concealed. The *Stebco* court found the fact that ownership of the asset at issue there (also a house) was publicly recorded to be significant in its determination that the jeopardy assessment based on alleged concealment of that asset was unreasonable. *See* 733 F.Supp. at 1391. The IRS had relied on a rumor that the taxpayers may have sold the house, their major asset, and contended that they were trying to put their assets beyond the reach of the IRS. The evidence revealed that the taxpayers owned the house at the time of the assessment and at the time of the suit.

**2.** In *Black* the court considered the fact that plaintiff had pled guilty to federal criminal charges as further evidence that the jeopardy assessment was reasonable. 734 F.Supp. at 705.

**3.** In my memorandum opinion in the criminal action, entered September 23, 1992, I specifically held that the note did not legally belong to Selbe, mem. op. at 4, and "[f]rom a legal standpoint" his answers on a personal financial statement did not amount to concealment because he did not own the note. Mem. op. at 5.

conclusion on the same evidence, that Selbe did not and does not own the note.

The government by footnote also attempts to argue that the two cases involve different issues: in the first, I decided the ownership of the note as between Selbe and his wife, whereas here the question is who has a superior claim as between Selbe and the government. I do not see the distinction. I have concluded that Selbe did not own the note. The note was not his to conceal or transfer or dissipate but instead his wife's. Therefore, the government's jeopardy assessment was not reasonable, based as it was on Selbe's conveyance of the note, a contractually required transfer.

Because I agree with Selbe that the jeopardy assessment was unreasonable, I need not consider his argument that the government admitted this by failing to answer his complaint, nor is my failure to resolve the reasonableness of the jeopardy assessment within twenty days of Selbe's filing his complaint dispositive of his claim. *Meadows v. United States,* 665 F.2d 1009, 1012 (11th Cir.1982); *United States v. Doyle,* 660 F.2d 277, 280 (7th Cir.1981). Finally, I do not accept the government's argument that this case is now moot because Selbe failed timely to challenge the *merits* of the assessment in Tax Court, under 26 U.S.C. § 6213(a). It is true that Selbe has not challenged the merits of the assessment against him, and that may be the subject of a regular assessment. The fact that the taxpayer is ultimately liable is not a question I may resolve, as the government points out. *See* United States' Opposition to Plaintiff's Motion for Summary Judgment, at 4–5 (quoting S.Rep. No. 94–938, 94th Cong., 2d Sess. 365 (1976) U.S.Code Cong. & Admin.News 1976 pp. 2897, 3439, 3794, 3795). I must only consider the reasonableness of the jeopardy assessment, which is an entirely separate question. *See, e.g., Loretto,* 440 F.Supp. at 1175. Moreover, Selbe did not challenge the amount of the jeopardy assessment but instead strictly challenged the reasonableness of the assessment itself. Whether the IRS was justified in levying against property that Selbe argues and I agree was not even his, a question about means, not ends, is certainly a live issue. Here, I resolve that question in favor of Selbe. Based on the doctrine of collateral estoppel, Selbe is entitled to judgment as a matter of law. Summary judgment is therefore appropriate.

An appropriate order shall issue.

### ORDER

For the reasons set forth in the accompanying memorandum opinion, it is hereby **ADJUDGED** and **ORDERED** that plaintiff's motion for summary judgment is GRANTED.

It is **FURTHER ORDERED** that the jeopardy assessment against Frank G. Selbe III, made April 2, 1992, is ABATED.

It is **FURTHER ORDERED** that the United States RELEASE all federal liens imposed pursuant to the assessment, including the levy of April 6, 1992, against a $350,000 note by Daniel Lee Hodges and Lily Randal Hodges.

The clerk is directed to send certified copies of this order and accompanying memorandum opinion to all counsel of record and to Frank G. Selbe III, to strike all other pending motions as moot, and to strike this case from the docket.